**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 14 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA CEJA, | No. 19-15317 |
| Petitioner-Appellant, | D.C. No. 1:17-cv-00291-LJO-SKO |
| v. | |
| DERRAL G. ADAMS, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted February 9, 2022**
San Francisco, California

Before: WARDLAW, IKUTA, and BADE, Circuit Judges.

Maria Ceja appeals the district court's denial of her 28 U.S.C. § 2254

petition for habeas corpus. We have jurisdiction pursuant to 28 U.S.C. §§ 1291

and 2253, and we affirm.

"We review de novo the district court's denial of [Ceja's] habeas corpus

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

petition." *Sanders v. Cullen*, 873 F.3d 778, 793 (9th Cir. 2017). Our review is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d). Under AEDPA, we must defer to the last state court's reasoned decision—here, the decision of the California Court of Appeal—on any claim that was adjudicated on the merits unless that decision was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The California Court of Appeal reasonably determined that Ceja's waiver of her rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), was knowing, intelligent, and voluntary. The state court reasonably concluded that although the rights were read to her in English, Ceja comprehended English sufficiently for *Miranda* purposes. A valid waiver requires only that Ceja understood the rights read to her, and voluntarily, knowingly, and intelligently waived them. *United States v. Bernard S.*, 795 F.2d 749, 752 (9th Cir. 1986). Ample evidence in the record indicated that though Ceja was more comfortable in her native Spanish, she understood English sufficiently to make a valid waiver.

For example, one of the detectives who interrogated Ceja testified that, prior to the interrogation, he had conversations with Ceja where "[s]he responded in

2

English and her answers were appropriate and responsive to his questions." Another detective who participated in the interrogation also testified that because "Ceja said twice in English that she understood her rights" after her rights were read to her in English and because she summarized her right to remain silent in Spanish, Ceja appeared to speak and understand English. This detective spoke Spanish, and Ceja never asked him to translate for her. Additionally, Ceja's accomplice in an unrelated burglary testified that she "spoke both English and Spanish with Ceja and believed Ceja communicated well in English." And the Court of Appeal relied upon the trial court's finding after it reviewed recordings of the interrogation itself that Ceja's immediate and appropriate responses to questions asked in English and her body language—such as nodding her head as her rights were being read to her—confirmed that Ceja "understands and comprehends English better than she speaks it and exhibited little lack of understanding." Thus, under the totality of the circumstances, the California Court of Appeal reasonably concluded that "the record directly belies [the] claim" that Ceja lacked sufficient command over English to knowingly, voluntarily, and intelligently waive her *Miranda* rights.

Ceja also argues that the California Court of Appeal ignored key aspects of the record in forming its conclusion, including that Ceja responded with "Uh, it's better in Spanish" when asked if she understood her rights, that Ceja had limited

3

formal education, and that Ceja's expert testified that she lacked the cognitive ability to understand the *Miranda* rights in English. But these arguments are undercut by the state appellate court's reasonable conclusions after it had accurately summarized the testimony adduced at the suppression hearing. The state appellate court acknowledged that while Ceja did indeed say "Uh, it's better in Spanish," she also "agreed that she understood verbally and by nodding her head." Although the California Court of Appeal did not explicitly mention Ceja's formal education, it did reemphasize the trial court's observations that Ceja had "been in the U.S. for decades," that she "has a higher than expected cognitive ability in Spanish," and that she "responded to questions in English and Spanish without hesitation, immediately in the normal flow of a conversation, demonstrating an understanding of both languages." And after summarizing the conclusion Ceja's expert gave, the state appellate court highlighted that the expert also admitted on cross-examination "that people who are bilingual are often better at comprehending a language than they are at speaking it." Thus, we reject Ceja's argument that the state appellate court unreasonably ignored key aspects of the record in concluding that she voluntarily waived her *Miranda* rights.

**AFFIRMED.**